# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>            Plaintiff,<br><br>   v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION FIRST WATCH, et al.,<br><br>            Defendants.<br>                                          / | CASE NO. 1:06-CV-0862-AWI-DLB-P<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 1) |

      Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 10, 2006, but has not paid the $350.00 filing fee.

      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

1      Plaintiff concedes in his complaint that exhaustion of his claim has not yet occurred.
2 Because is it clear from the face of plaintiff's complaint that he did not exhaust the available
3 administrative remedies prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a);
4 <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion
5 is a valid grounds for dismissal . . . .").
6      Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, based on
7 plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting the available administrative
8 remedies prior to filing suit.

10 IT IS SO ORDERED.

11 **Dated:   February 20, 2007**            /s/ Anthony W. Ishii
    0m8i78                                  UNITED STATES DISTRICT JUDGE